UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

LUCIENA S. GRANT-FLETCHER

Plaintiff,

V.

ENHANCED RECOVERY COMPANY, LLC

Defendant.

CIVIL ACTION NO

ELH 11 CV 2131

JULY 28, 2011

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; Md. Ann. Code Commercial Law Maryland Consumer Debt Collection Act. § 14-204 et seq. ("MCDCA"); and the Md. Ann. Code Commercial Law Consumer Practices Act § 13-301 et seq.

2. The Court's jurisdiction is conferred by 15 U.S.C.1692k and 28 U.S.C. 1331 and 1367.

3. Plaintiff is a natural person who resides in Columbia, MD.

4. Plaintiff is a consumer within the FDCPA.

5. Defendant is a debt collector within the FDCPA.

6. Defendant is a collector within the MCDCA.

7. Defendant is a foreign limited liability company engaged in the business of collecting debts in the State of Maryland with a principal place of business located 8014 BAYBERRY RD., JACKSONVILLE, FL 32256-0000 and is authorized to

do business in Maryland. The principal purpose of Defendant business is the collection of debts and Defendant regularly attempts to collect debts alleged to be due another.

8. Defendant communicated with Plaintiff or others on or after one year before the date of this action, in connection with collection efforts with regard to Plaintiff's disputed personal debt.

9. The Plaintiff contacted the Defendant via telephone on or about July 26, 2011, in response to the Defendants prior communications, attempting to collect a debt.

10. The Defendant is attempting to collect in inaccurate amount of debt from the Plaintiff.

11. The Plaintiff advised the Defendant that based on the original creditor collection letters the amount the Defendant is collecting is not accurate.

12. The Defendants statements were false, deceptive and misleading in violation of §1692e.

13. The Defendant attempted to collect a principal balance of $879.59 and a collection fee of $158.33 for a total amount of debt $1,037.92. (See exhibit 1)

14. The Defendant violated §1692e (2) (A) by charging an amount not legally authorized.

15. The Fair Debt Collection Practices Act (FDCPA) states:

§1692e (2) (A) "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:   (2) The false representation of (A) the character, amount, or legal status of any debt."

16. The Fair Debt Collection Practices Act (FDCPA) states:

§1692f (1) "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

17. The Plaintiff did not sign an agreement permitting the charge of a collection fee in the customer service agreement with AT&T.

18. Defendant communicated with plaintiff by letter dated May 23, 2011 in connection with collection efforts with regard to plaintiff's disputed personal debt. ***See Exhibit No. "1."***

19. In the collection efforts, the Defendant violated the FDCPA, § 1692e by misrepresenting the plaintiff's right to dispute a debt.

20. The Fair Debt Collection Practices Act §1692g (3) know as the validation of debts clause notice, requires and refers to the (30) day period beginning, one day after the consumer debtors receipt of the collection letter. *See* 1692g (3) "a statement that unless the consumer, within thirty days **after receipt of the notice**,

disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

21. Defendant in its collection letter (Exhibit "1") advised the Plaintiff pursuant to §1692g (4) that ""*If you notify this office in writing **within 30 days of your receipt of this notice** that the debt, or any portion thereof is disputed, we will obtain verification of the debt or a copy of a judgment that may be of record against you. We will mail you a copy of such judgment to you.*"

22. Defendant shortened the validation period by one day and violated 1692g (4), which requires "a statement that if the consumer notifies the debt collector in writing **within the thirty-day period** that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a **copy of such verification** or judgment will be mailed to the consumer by the debt collector."

23. Defendant shortened the validation period by one day and violated 1692g (5), which also requires "a statement that if the consumer notifies the debt collector in writing **within the thirty-day period.** Meaning 30 days after receipt of the collection letter. Not within 30days of receipt of the letter. **See Exhibit 1.**

24. The Defendant does not maintain procedures in place adequately designed to avoid the violation(s) of the FDCPA.

25. In the collection efforts, the Defendant violated the FDCPA; inter alia, section 1692e, f and g.

SECOND COUNT:

26. The allegations of the First Count are repeated and realleged as if fully set forth herein.

27. Within three years prior to the date of this action Defendant has engaged in acts and practices as to Plaintiff in violation of the Md. Ann. Code <u>Commercial Law</u> Maryland Consumer Debt Collection Act § 14-204 et seq. ("MCDCA").

31. Defendant has committed unfair or deceptive acts or practices within the meaning of the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq.

WHEREFORE Plaintiff respectfully requests this Court to:

1. Award plaintiff statutory damages pursuant to the FDCPA.
2. Award Plaintiff statutory damages pursuant to MDCDCA.
3. Award the plaintiff costs of suit and a reasonable attorney's fee.
4. Award such other and further relief as this Court may see fit.

THE PLAINTIFF

BY /S/ *Bernard T. Kennedy*
Bernard T. Kennedy, Esquire
The Kennedy Law Firm
P.O. Box 657
Edgewater, MD 21037
Ph  (443) 607-8901
Fax (443) 607-8903
Fed. Bar # Md26843
bernardtkennedy@yahoo.com